■ TOWN OF ITHACA, Respondent, v VINCENT R. FRANCIAMONE, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 19, 1975 in Tompkins County, which adjudged defendant to be in contempt of an order previously issued by the court and imposed a fine pursuant to section 773 of the Judiciary Law. In 1970 plaintiff, Town of Ithaca, commenced an action in the Supreme Court of Tompkins County wherein it was alleged that defendant had exceeded the permissible number of dwelling units on his property and thereby violated the town's zoning ordinance. By order dated February 8, 1972, the court ultimately determined that defendant was in violation of the ordinance and, as a result, enjoined him from using a certain building on his property as a dwelling unit and further directed that he remove from the building "the kitchen facilities * * * all bedding, bedroom furniture * * * and all other items facilitating use of said accessory building as a dwelling unit". Thereafter, on June 23, 1972, the court found defendant to be in "clearly willful disobedience" of its earlier order in that he continued to permit the occupancy of the accessory building as a dwelling unit, and a fine was imposed of $250 plus costs to be paid to plaintiff. The subject matter of the present appeal arose out of an order to show cause dated April 17, 1975 upon which a hearing was held, pursuant to sections 754 and 757 of the Judiciary Law, on May 13, 1975. Following the hearing, Special Term ruled that defendant was in contempt of the order of February 8, 1972 for a second time by virtue of his willful disobedience thereof, and a fine of $779.70 was imposed, consisting of costs, disbursements, counsel fees and an additional $250 (Judiciary Law, § 773). This appeal ensued. We find that the order of Special Term must be affirmed. On May 12, 1975 a formal inspection of the accessory building in question disclosed the presence of kitchen and bedroom furnishings which defendant had been specifically directed to remove pursuant to the order of February 8, 1972. Moreover, according to the testimony of the town's zoning officer, defendant admitted in January and April of 1975 that he was residing in the building. Such a record as this plainly establishes "with reasonable certainty" that defendant violated the order, and, accordingly, the evidence was sufficient to support the finding of

contempt *(Pereira v Pereira,* 35 NY2d 301, 308; *Ketchum v Edwards,* 153 NY 534, 539). It is likewise clear that plaintiff need not prove actual loss or damage to prevail and that the contempt decree and fine imposed were proper (Judiciary Law, §§ 753, 773). Also, assuming *arguendo* that the good faith of plaintiff is an issue herein, nothing in the record demonstrates that plaintiff acted in other than good faith in seeking the contempt citation. Order affirmed, with costs. Kane, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.